IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HENOK MEKONEN, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00025-JKP |
| vs. | § § § | |
| CHRISTINE WORMUTH, ACTING SECRETARY OF THE ARMY; | § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action. All non-dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

**I. Background and Analysis**

Plaintiff, who is proceeding pro se, filed this case on January 6, 2023, against Christine Wormuth, as Acting Secretary of the Army, alleging violations of Title VII of the Civil Rights Act of 1964. At Plaintiff's request, on January 13, 2023, the clerk issued the summons to Defendant at the address listed on Plaintiff's request for summons—the address for Fort Sam Houston Brooke Army Medical Center in San Antonio, Texas. On April 12, 2023, when the summons still had not been returned, the undersigned issued an Order regarding the issue of service in this case [#7].

In the Order, the undersigned explained to Plaintiff that the summons requested and issued for Defendant does not appear to comply with Rule 4(i) of the Federal Rules of Civil Procedure—the rule governing service of a United States Agency or an officer or employee of such agency. The Order further explained that to properly serve an officer of a United States Agency in an official capacity, a party must serve the United States, as well as the agency, corporation, office, or employee. *See* Fed. R. Civ. P. 4(i)(2). The Order also indicated that to properly serve an officer of a United States Agency in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, a party must still serve the United States in addition to serving the individual. Fed. R. Civ. P. 4(i)(3). In this order, the undersigned *sua sponte* extended the time for proper service under Rule 4(i) until May 11, 2023. The undersigned also warned Plaintiff that a failure to properly serve Defendant under Rule 4(i) could result in dismissal for want of prosecution.

In response to the Court's order, Plaintiff filed a document on May 15, 2023, reflecting the mailing of a letter to counsel for Defendant on May 10, 2023, via United States Postal Service Express Mail [#8]. The document includes a tracking receipt indicating the mailing was to be delivered on May 11, 2023, to Fort Sam Houston. Attached to the letter is the Court's Order dated April 12, 2023. It appears Plaintiff still had not requested summons to serve Defendant pursuant to Rule 4(i).

The undersigned therefore entered another order on June 20, 2023, giving Plaintiff one last opportunity to correctly effectuate service under Rule 4(i) [#9]. This order was even more explicit, directing Plaintiff to request issuance of summons and send a copy of the summons and Complaint via registered or certified mail to (1) the United States Attorney for the district where the action is brought, here the Western District of Texas; (2) the Attorney General of the United

States in Washington, D.C.; and (3) the Secretary of the Army via the Chief of the Litigation Division of the United States Army.  *See* 32 C.F.R. § 516.14.  This order warned Plaintiff that if he still fails to serve Defendant under Rule 4(i) by July 14, 2023, the Court will dismiss this case for want of prosecution. See Fed. R. Civ. P. 41(b).

To date, there is still no return of service on the docket reflecting Plaintiff's service of his Complaint on Defendant.  No other action has been taken in this case.  The undersigned will therefore recommend dismissal of this case for want of prosecution and failure to follow a court order.

## II.  Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party

from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 7th day of August, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE